TUIA SUASUAI, et al., Plaintiffs

v.

SALAVE'A SEGIO, Defendant

High Court of American Samoa
Land & Titles Division

LT. NO. 1360-73

May 7, 1986

Before  REES,  Chief  Justice,  TAUANU'U,  Chief
Associate Judge, AFUOLA, Associate Judge.

Counsel:  For the Plaintiff, Utu Siagege R.M.
          For the Defendant, Meauta Atufili Mageo

    This case began in 1973 when  the Tuia Suasuai
family,  designated  Plaintiff  in this proceeding,
petitioned  the  Territorial  Registrar  for  the
registration of  2.78 acres of land as its communal
property.  The Salave'a  family filed  an objection
to the  registration, claiming the land as its own.
The Territorial Registrar  referred  the  matter to
the  Land  and  Titles  Division of the High Court,
which after  lengthy  proceedings  ordered  in 1977
that  the  land  be  registered to the Tuia family.
The  Salave'a  family  appealed,  and  in  1981 the
Appellate  Division  ordered  a  new  trial  on the
ground that it was  unable to  procure a transcript
of the first trial.

1

The new trial took place on April 4, 1986. Each side presented only one witness. Each witness testified that his family had always owned and cultivated the land, had been paid by the government for the use of the land during World War II, and had continued to cultivate plantations on the land down to the present day. The Court held that neither side had proven its case, and that therefore "Plaintiffs cannot prevail" since "all ties go to the defendant."

Counsel for the Tuia family has moved for a new trial on the ground that the Court misunderstood the testimony of his witness. The Court observed that plaintiff's witness "admitted that Defendant family had occupied the land since 1947," whereas the witness testified that both families had cultivated parts of the land since 1947.

It is doubtful whether this misunderstanding, if it was a misunderstanding, was crucial to the holding of the Court on retrial. The actual testimony of plaintiff's witness is fully consistent with the Court's conclusion that neither side has proven its title to the land. Moreover, counsel has not persuaded the Court that this picture would be altered by a new trial of the case --- much less that some extraordinary factor such as the discovery of important evidence unavailable at the time of trial compels a new trial in the interest of justice. The argument of plaintiff's counsel does, however, suggest the need for a modification or clarification of the Court's order so as to make it more consistent with the Court's conclusions of law and fact.

Finding that neither side had established its title, the Court ordered judgment for the defendant. In an ordinary action brought by a plaintiff seeking to use the power of the court to deprive a defendant of something in his possession, it makes perfect sense that a "tie" should result in a judgment for the defendant. But in this case there is no proper plaintiff and no proper defendant. Nobody sued anybody for anything. Rather, under the rules of this Court prior to 1981, "the Territorial Registrar simply bundles up the file, forward(s) it to the court and somehow the case is tried." Trial Court Decision, page 1. The Tuia family was designated "plaintiff" because it attempted to register the land; the Salave'a family was designated "defendant" because it objected. Anyone who objected to a registration of land would have been designated a "defendant" under the then-

prevailing rules, no matter how weak his title and without any requirement that he ever have occupied or cultivated any part of the land. Under these circumstances it makes no sense for the "defendant" to be declared the legal owner of the land with the right to register its title on the sole ground that the "plaintiff" did not succeed in establishing its own title. Accordingly, the action should be dismissed without prejudice to the rights of either party.

The Court recognizes that this order might result eventually in yet another trial of the case, albeit perhaps a trial in which there would be "legally cognizable pleadings which at least define the issues." Decision, page 1. It is hoped, however, that the order will instead facilitate the Court's earlier suggestion that "the two senior matais should get together and try to dispose of this matter Fa'a Samoa." Decision, page 2. In the meantime, the Court's 1978 order restraining both families from damaging each other's crops or committing any other acts that will cause strife or problems between the two families remains in force.

Order giving judgment for the Defendant vacated. Action dismissed without prejudice.